**UNITED STATES of America, Plaintiff,**

v.

**Harvey Lee WILSON, Defendant.**

**Nos. CV–S–90–150–HDM(LRL), CR–S–87–28–HDM.**

United States District Court, D. Nevada.

May 16, 1990.

Russell Mayer, Office of the U.S. Attorney, Las Vegas, Nev., for plaintiff.

Oscar B. Goodman, Goodman, Stein & Chesnoff, Las Vegas, Nev., for defendant.

### ORDER

McKIBBEN, District Judge.

The defendant, Harvey Lee Wilson, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate or set aside his plea of guilty.

The record reflects Wilson was charged under a three-count indictment with wire fraud, a violation of 18 U.S.C. § 1343. This indictment was returned on May 8, 1985. On July 1, 1985, under an order to produce prisoner *ad prosequendum,* Defendant was removed from the Nevada state facility where he was serving concurrent sentences on state and federal charges and transported to the Middle District of Tennessee to respond to the charges contained in the three-count indictment. Thereafter, Wilson was transported to a federal correctional institution in Arizona, and on July 19, 1985, was returned to the Nevada State Prison system. During that period Wilson did not appear in court in the Middle District of Tennessee on the charges contained in the three-count indictment. On February 26, 1987, under the terms of a plea agreement pursuant to Rule 20 of the Federal Rules of Criminal Procedure, Wilson entered a plea of guilty to Counts I and II of the indictment in the District of Nevada. On that same date, pursuant to the agreement and stipulation of the parties and their counsel, the court suspended imposition of sentence and placed the defendant on probation for a period of five (5) years.

Now, Wilson seeks to vacate his guilty plea and set aside his sentence pursuant to § 2255 contending his rights were violated under Article IV(e) of the Interstate Agreement on Detainers Act (IAD). That provision states in pertinent part as follows:

> (e) If trial is not had on any indictment, information, or complaint contemplated hereby prior to the prisoner's being returned to the original place of imprisonment pursuant to article V(e) hereof, such indictment, information, or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

18 U.S.C. Appx.

The record reflects, and the government concedes, that this provision of the Interstate Agreement on Detainers was violated when the defendant was returned to the Nevada State Prison system without proceeding to trial on the three-count indictment in the Middle District of Tennessee.

However, the government submits that in the case of *Carlson v. Hong,* 707 F.2d 367 (9th Cir.1983), the Ninth Circuit Court of Appeals held that "an article IV(e) violation does not rise to the required level of seriousness" to be cognizable under § 2255. *Id.* at 368.

Further, the government correctly asserts that the entry of the guilty plea by the defendant precludes him from obtaining post-conviction relief from the government's failure to comply with the IAD. As the Supreme Court held in *Mabry v. Johnson,* 467 U.S. 504, 508, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984), "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." This same principle applies in instances of statutory violations. *United States v. Fulford,* 825 F.2d 3, 10 (3d Cir.1987). This is so because the protections afforded under the IAD are not based on constitutional rights or the preservation of a fair trial but are "designed to facilitate a defendant's rehabilitation in prison and to avoid disruptions caused when charges are outstanding against the prisoner in another jurisdiction." *United States v. Black,* 609 F.2d 1330, 1334 (9th Cir.1979), *cert. denied,* 449 U.S. 847, 101 S.Ct. 132, 66 L.Ed.2d 56 (1980).

Accordingly, the defendant's motion to vacate and set aside his guilty plea and sentence pursuant to 18 U.S.C. § 2255 is DENIED.

It is so ORDERED.